ALLEN WILLIAMSON, plaintiff in error, *vs.* JOHN R. WARD- LAW, defendant in error.

A summons signed by a Judge of the County-Court, and served by a bailiff of that Court, requiring a defendant to appear at the monthly sessions to answer fourteen suits on a note described, and on thirteen other similar notes, is only a summons, in the note set forth, and judgments entered on the thirteen other cases will be set aside on motion.

Deficiencies in the record may be supplied by the recitals in the bill of exceptions. (R.)

If the certificate as to the bill of exceptions be upon the record and not on the bill of exceptions, the writ of error will not be dismissed, if they came to this Court in one envelope. (R.)

If several cases are stated exactly alike and the statement of one is copied into the bill of exceptions, it is sufficient to state how many other cases there were, and that the entries in them were the same as in the one copied. (R.)

Jurisdiction of County-Court. Process. Bill of Exceptions. Before Judge KIRBY. Walker Superior Court, March Term, 1870.

Williamson *vs.* Wardlaw.

This controversy grew out of the following summons:

*State of Georgia, Walker County:*

John R. Wardlaw *vs.* John Hatfield and Allen Williamson.

*To the Sheriff of said county:*

The defendants are hereby notified personally or by attorney, to be and appear at the County Court to be held in and for said county, on the second Monday in November next, then and there to answer the plaintiff John R. Wardlaw in fourteen several actions of debt on promissory notes, a statement of which notes are hereto annexed, as in default thereof the Court will proceed as to justice shall appertain. In witness whereof I have hereto set my hand and seal, this October 19th, 1866. LAWSON C. BLACK, J. C. C.

STATEMENT OF NOTES:

By the 1st of January next, we or either of us promise to pay John R. Wardlaw or bearer, fifty dollars value received. Witness our hands and seals, 14th February, 1860.

JOHN HATFIELD, [L. S.]
ALLEN WILLIAMSON, [L. S.]

One note same as above: It repeated the "one note same as above," twelve times and ended thus: "One note same as above for fifteen 62-100 dollars." The return upon it was at follows: "Executed the within by serving the defendants with copies of the original. October 26th, 1866.

A. A. SIMMONS, [L. S.]"

On said summons was entered a judgment as follows: "December Term, 1866; ordered by the Court that the plaintiff recover of the defendants the sum of fifty dollars in each several actions numbers 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and the sum of fifteen 62-100 dollars on number 17, with interest and cost of suit in each several action. December 10th, 1866. R. B. McCUTCHEN."

In March, 1870, Williamson represented to the Superior Court, (to which the business of the old County-Court was

turned over by the Constitution of 1868,) that he was but a surety on said notes and moved to set said judgment aside because it was rendered by the County-Court, at a monthly session, when said Court had no jurisdiction to enter judgment for the sum apparently claimed therein; because if said summons sets forth any cause of action or any more than one, on one fifty dollar note, it sets forth causes amounting to $665 62 besides interest; because, though fourteen cases were upon the docket of said Court to which said judgment refers, there was but one summons, and if said entries upon the docket were intended for judgments, they were rendered without process or summons and are void; because Mc-Cutchen who signed said judgments was not at that time Judge of said Court.

Wardlaw's counsel produced the County Court-docket, and showed upon it cases beginning at "number 4" and running up to "number 17" inclusive, each as follows: "John R. Wardlaw *vs.* John Hatfield and Allen Williamson, deb't. December Term, 1866, judgment for plaintiff for $50 00, interest $20 78, costs $3 20. R. B. McCutchen, J. I. C," except the last one in which the principal is put as $15 62, and the interest at $6 50. LAWSON BLACK, testified that he was then Judge of the County-Court, and was absent, that McCutchen was then a Judge of the Inferior Court of said county and presided in his stead in the County-Court during his absence. Upon this state of facts the Court refused to set aside the judgment, and that is assigned as error.

This summons and the entries thereon did not come up with the copy of the record, but being copied in the bill of exceptions the Court allowed the parties here to supply such deficiency in the record by the bill of exceptions.

There was no certificate of the Clerk of the Court below upon the bill of exceptions. In his certificate to the record, which was never attached to the bill of exceptions, the Clerk certified that "the foregoing is a true and complete transcript of the record in the case of (stating this case), and the original bill of exceptions, a copy of which is on file in my office," and the Clerk of this Court stated that these two papers came

to him together in the same envelope. All of the entries on said docket was not copied in the bill of exceptions, but only set out as stated *ante.* For these reasons defendant's counsel moved to dismiss the writ of error. The motion to dismiss was overruled.

WRIGHT &. FEATHERSTON, for plaintiff in error.

McCUTCHEN & SHUMATE, for defendant.

McCAY, J.

If the summons in this case be but *one* summons in *one* suit on fourteen notes, then the County-Court at its monthly sessions, had no jurisdiction of it: Act of 1865 and 1866, pamphlet, page, 65, 70. This is admitted, but it is said, that here are fourteen summonses in one, that it notifies the defendant of fourteen actions, each on a note, described in the summons with sufficient accuracy, and this is true. Is this a sufficient service? We think not, the County-Court was limited by its organic law, at its monthly sessions, to suits, on amounts not exceeding one hundred dollars: Section 40, of the Act of 1865 and 1866. The Court was required in each case to issue a summons and cause the defendant to be served with a copy of it, section 24.

It contemplates and requires a separate distinct *act* in each suit. The Court with its whole machinery, is by the Act, limited in its *capacity to carry on an action,* for over one hundred dollars. Its grasp, whether by way of summons, judgment or execution, is by the law held to be too narrow, to cover over the amount of one hundred dollars.

The signature of the magistrate, the official act performed by him in issuing this summons, (if it be held to cover all these cases,) is an act over the amount of his legal capacity as an officer. The same is true of the act of the bailiff in the service. The issuing of the summons and the service of all the summonses are but one act. The Judge performs but one official act, and the bailiff but one. The law requires fourteen; each of these officers has attempted in this act, *to exercise*

his official powers over an amount beyond his legal capacity. And his act therefore, by as much as it is beyond his powers, is void. There is but one summons and but one service. It is good for one case, to-wit: For the case founded on the note copied in the summons, but for no others. As to this one case it is somewhat irregular, but after judgment, we think it good. The Court ought to have granted the motion all in the cases but one.

Judgment reversed.